Curia, per Gantt, J.
The action in this case is founded upon a letter of guaranty of the defendants to the plaintiffs, in the following words:
“ Charleston, 12th October, 1825.
“ Messrs. Boyce & Henry :
“ Gentlemen, — Our brother, Samuel Ewart, is about to commence business on his own account, in Columbia. To assist him in which, he will stand in need of your aid and indulgence, which if you render him, (in case of his failure or delinquency,) we will indemnify you to the amount of four thousand dollars; and you will greatly oblige, gentlemen, yours, &c.
“ D. & J. Ewart.”
*131 The presiding judge reports that Samuel Ewart, under this letter, commenced and carried on business in Columbia, until the month of June, 1833. That on the 6th of January, 1832, the plaintiffs closed their account current with Samuel Ewart, and took his note for the balance, amounting to something more than #16,000, payable one day after date. And that during the course of the dealings between them, the plaintiffs had furnished Samuel Ewart with goods and credit to an amount exceeding #100,000. At the trial of the cause, the counsel for the defendants took the following grounds of defence, viz: 1st, that the letter of the defendants was not a continuing guaranty: 2d, that no notice of the acceptance of the guaranty had been given to the defendants: 3d, that no notice of the different advances or delivery of the goods to Samuel Ewart, had been given: 4th, that the plaintiffs had given indulgence to Samuel Ewart, and therefore that the defendants were discharged: 5th, that the plaintiffs’ right of action was barred by the statute of limitations : 6th, that the assignment to the plaintiffs was payment of their debt.
In the opinion about to be delivered, it will be seen that my attention has been particularly drawn tip.the 1st and 5th grounds; and the view which I have taken of them, will supersede the necessity of saying much, if any thing, on the rest.
The presiding judge, in the charge made to the jury, stated, that in giving construction to matters of contract, “ the sense and meaning of the parties must governand then, in the application of the rule, he went on further to say, “ that the letter of the defendants was a continuing guaranty; and that looking to that letter, it was manifest that D. & J. Ewart contemplated aid and indulgence to be afforded and extended to their brother, by the plaintiffs, throughout the whole course of.his business, subsequently to be carried on, and that there was nothing which showed that it was to be confined to the commencement, or limited to a single advance.” The jury found a verdict in favor of the plaintiffs. The letter of the defendants I have examined with care, and from the rule above referred to, in relation to contracts, and especially commercial ones, I cannot give so extended a construction to the letter of the defendants, nor do I think that it will *132 authorise any other fair conclusion than that it was designed to be strictly limited, and not a continuing guaranty. A philological analysis of the letter, will show this to have been the intention of the defendants. The words £ which,’ twice used in the second sentence of the letter, both refer directly and immediately to the substance of what is contained in the previous sentence, as their antecedent; so that without doing violence to the sense, the letter can only mean, that S. Ewart would require the aid and indulgence of the plaintiffs, in commencing business on his own account as a merchant, and that if Boyce & Henry would afford such aid and indulgence, (evidently meaning in the commencement of his business,) then in case of the failure or delinquency of Samuel Ewart, or in other words, in the event of his not paying them at the time agreed on, they, the defendants, would do so, to the amount of $4000. The language, therefore, of the defendants points to a single transaction, such, an one as would enable Samuel Ewart to set out as a merchant, by the aid of the plaintiffs, and cannot, by any fair or just construction, be so far extended, as to embrace transactions not mentioned, referred to, or implied, in the terms of the letter. (If, in this negotiation, the word ‘ commence ’ had not been used, but the reference had been generally to the business of a merchant, in which .Samuel Ewart was about to engage, and the responsibility of. the defendants made to attach to subsequent dealings, by the words used; in such case, the construction of the instrument must have been according to the intention they expressed.') But, in the case before us, to extend the construction beyond the particular act of dealing, so obviously pointed out in the letter of the defendants, would violate the rule which governs, and ought in reason to govern in all cases of the kind, that a fair and reasonable interpretation, according to the true import of the terms, should be put upon the instrument. The design of the defendants was to introduce Samuel Ewart in business, and nothing more ; nor is there any thing in the letter which would imply an intention of incurring responsibility after such commencement, for any subsequent transaction between the parties. The guaranty of the defendants, in this case, being a limited and not a continuing one, it follows that the plaintiffs met *133 with no ‘ failure or delinquency ’ on the part of Samuel Ewart, so as to charge the defendants, in the sense and spirit of their undertaking, with a responsibility to pay the amount of $4000, depending on the contingency of fáilure or delinquency. But, these views depend not upon my own opinion merely, but have their foundation in sound reason, recognized by judicial decisions. The first case to which I shall refer, is that of Sollee & Warley v. John B. Meugy, reported in 1 Bail., 620, and tried at Kershaw, Spring term, 1830. That was an action of assumpsit, and the question made arose out of the special count in the declaration, in support of which, the plaintiffs offered in evidence the following letter: “ Camden, 5th November, 1824. Mr. F. W. Sollee, Charleston. Sir, — Mr. John B. Matthieu, wishing to alter his present mode of doing business, and make arrangements in Charleston, has requested of me to continue my assistance by lending him my name. I have therefore consented that he shall use it for the amount of from 1000 to 1,500 dollars. He will, in future, carry on business on his own account, and make his own remittances. Yours, J. B. Meugy.” — In this case, the presiding judge thought the guaranty a continuing one, and the plaintiffs recovered a verdict for the full amount of their claim, with interest. A motion was made to set aside the verdict, and for a new trial, on the ground of misdirection by the presiding judge. Judge O’Neall, who delivered the opinion of the court of appeals, says: “ Is the guaranty a continued one, or is it limited to the amount of $1500 ? And did the payment of this sum by Matthieu, in the course of his subsequent dealings, discharge the defendant ?” In the course of his further remarks, he observed “ that so soon as a debt to that amount was contracted, he was liable that far; but beyond it, he was not liable: when that debt was paid, he was discharged.” The difference between the case last mentioned and that now before us, is certainly not calculated to lead to the conclusion that the former was more limited in its terms than the latter. Mat-thieu was already engaged in business as a merchant, connected, it would seem, with some one else ; but desirous of doing business on his own account, procured the letter of guaranty, and obtained credit thereon; and he having paid the amount specified in the *134 letter, Meugy was held to be exempt from all further responsibility on account of the guaranty contained in it. In principle, on the question of responsibility, that case is stronger to show that the guaranty was a continuing one, than the present; for, there is no restriction in the letter of Meugy, to confine the construction to be put upon it to any particular dealing, the responsibility attached to all future dealings not exceeding 1000 or 1,500 dollars; and that amount having been paid by the person obtaining the letter of guaranty, absolved the guarantor from any liability under it. Where the reason is the same, the law is so also; hence I conclude, that so soon as Samuel Ewart, for any dealings had with Boyce and Henry, under the letter of guaranty from the defendants, paid to the amount of #4000, D. & J. Ewart were likewise absolved from all future responsibility.
The case of Douglass and others v. Reynolds and others, reported in 7'Peters. 113, was referred to by the presiding judge who tried this cause, as bearing a stronger resemblance to it than the case of Meugy. The case in 7 Peters, was assumpsit, on the following letter of guaranty: “ Messrs. Reynolds, Byrne & Co. — ■ Gentlemen, Our friend, Mr. Chester Haring, to assist him in business, may require your aid from time to time, either by acceptance or endorsement of his paper, or advances in cash. In order to save you from harm in so doing, we, do hereby bind ourselves, severally and jointly, to be responsible to you at any time, for a sum not exceeding eight thousand dollars, should the said Chester Haring fail to do so. Your obedient servants, John S.-Douglass, Thos. G. Singleton, Homans Going.” — Mr. Justice Story, in delivering the opinion of the court in that case, as to the nature of the guaranty, pronounced it a continuing one. Would the terms of that letter admit of any other construction, as respects the guaranty contained in it ? The opinion of the court was declared to be founded upon the language and apparent intent and object of the letter. The nature of the aid asked for in the case referred to, shows that Haring was then engaged in business: the aid was to be from time to time, and the defendants obliged them to be responsible at any time, for the sum expressed in the letter. Are there any such expressions in the letter of the Ewarts to the *135 plaintiffs 1 ■ So far from it, the words used are so specific as to confine the guaranty to an individual act of dealing ; and the aid asked for is expressly stated to be, to assist Samuel Ewart in commencing- business. It is not that Samuel Ewart may receive aid of the -plaintiffs from time to time, and that they (the defendants) will be responsible, at any time, as in the last case referred to; but so guardedly precise, as to a particular object and transaction. The terms of this letter, therefore, virtually declare the law by which it - shall be expounded; and I recur to the well -established rule, that in giving construction to an' instrument of this kind, it should be founded upon the language and the apparent intent and object of the instrument. I think the cases quoted sufficient to show, that the interpretation which I have given to the letter of defendants, and which, I cannot doubt, is a correct one, entitles them to exoneration from the verdict which has been rendered, under a mistaken view of the law by which this case should have been decided. A case quoted, however, from 3 Barn, and Aid. 595, .bears so directly upon the question of guaranty, that I will strengthen the opinion I have given, by referring to it. Melville and another brought an action of assumpsit against Hayden, on a guaranty, which was in the following words: “ I engage to guarantee the payment of Mr. Amos Moulden, to the extent of £60, at quarterly account bill, two months, for goods to be purchased by him, of Wm. and David Melville.” It appeared that there had been a delivery of goods for three quarterly accounts, all of which had been satisfied by Moulden. The default was made by him in the fourth quarterly payment, for which the action was brought. It appeared that goods in the first quarter, to the amount of £59 4s. had been furnished; and in the second and third, to a greater amount. Abbott, chief justice, thought at the trial that the guaranty was at an end before the goods were furnished, for which the action was brought, and directed a nonsuit. A rule nisi was moved for. The chief justice again expressed himself as follows: “ I had no doubt, at the trial, that this was not a continuing guaranty, and that it was applicable only to the first quarterly payment after it was given, and I am still of the same opinion.” Baily, Kolroyd and Best, Justices, concurred: and *136 Baily, Justice, says — “ a party who takes a guaranty of this sort, should carefully provide that there are words in it expressive of its being a guaranty for goods to be furnished by him from time lo time.” I will not pursue the analogy between that case and the one on which the court have decided; it is too strikingly in point to escape observation.
I am equally convinced on the 4th ground, as taken by the counsel for the defendants, that the plaintiffs are barred from a recovery by the statute of limitations. Waiving all that might be said, on several other grounds taken in this appeal, the statute will certainly operate from the 6th January, 1832, when the plaintiffs closed their account current with Samuel Ewart, and took his note for the balance due, say $16,000, payable one day after date. The liability on the guaranty cannot be considered more efficacious than that created by the note. Four years from that period, the bar was complete; and the suit not having been instituted within four years from the closing of the dealings between plaintiffs and S. Ewart, they are prevented, by lapse of time, from ■ a recovery, if the circumstances of the case would otherwise have admitted of it. In this case, I would not have it understood, that because I have confined my observations principally to two grounds taken in the brief, that therefore I have thought no other ground taken would have availed the defendants. On the contrary, I feel inclined to think, that the plaintiffs having omitted to give the defendants express notice of their acceptance of the guaranty, would have precluded them from establishing it as such; neither do I think the circumstances commented upon by the judge, as affording presumptive evidence, of notice sufficient of themselves to supersede the necessity of express notice. Besides this, the case was attended with circumstances sufficient, in my opinion, to have rebutted the presumption arising from the proximity of the defendants’ place of business to that in which S. Ewart carried on his, together with the other circumstances enumerated in the charge. The date of the letter of the defendants, say in 1825, and the great lapse of time which intervened between the 25th January, 1825, and the closing of accounts between plaintiffs and S. Ewart: the very extended credit given to *137 S. Ewart, by the plaintiffs, far exceeds the amount of the supposed guaranty; the settlement of that account, and the note taken to secure the amount embraced in it, added to the neglect of the plaintiffs in not calling on the defendants for the amount, if, indeed, the plaintiffs ever relied on this as an existing guaranty, would neutralize the supposed force of the circumstances respecting notice of the plaintiffs’ acceptance of the guaranty. Much, too, might be said on the question of the assignment from S. Ewart to plaintiffs; but as it is an unnecessary link in the solution of this question, I forbear, from a principle of delicacy, to comment upon it. — It was stated by the plaintiffs’ counsel that if, in the opinion of the court, the law of the case was against the plaintiffs, a nonsuit might be awarded; and that being the result, as considered by a majority of the court, the nonsuit, as asked for, is ordered.
Richardson, Butler, and Earle, Justices, concurred; Bugler, J. resting his judgment, mainly, on the statute of limitations.